UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GARRY FRANK ROBINSON, ) | |
| ) | |
| Plaintiff, ) | CASE NO.  C06-1460-RSL-MJB |
| ) | |
| v. ) | |
| ) | |
| KELLIE McINTYRE, ) | ORDER DISMISSING SOME |
| ) | DEFENDANTS AND DIRECTING |
| Defendant. ) | SERVICE BY FIRST CLASS MAIL |
| ) | |
| _____ ) | |

This is a civil rights action brought pursuant to 42 U.S.C. § 1983.  Plaintiff filed his original complaint in this action in October 2005.  Because of deficiencies in the complaint related to two of the three named defendants, this Court issued an Order declining to serve the complaint, and granting plaintiff leave to amend.  Plaintiff was advised therein that if he failed to timely file an amended complaint, this Court would recommend that his original complaint be dismissed as two of the defendants, and that this action would proceed as to only one defendant.  The time for amendment has now passed and plaintiff has not filed an amended complaint.

Accordingly, the Court does hereby find and ORDER as follows:

(1)     Plaintiff alleges in his complaint that his constitutional rights were violated when a

ORDER DISMISSING SOME
DEFENDANTS AND DIRECTING
SERVICE - 1

1  counselor at MCC/TRU improperly placed an "imminent risk" designation on his electronic file and
2  deleted his work release approval from the file. Plaintiff identifies Counselor, Kellie McIntyre, and
3  two other MCC/TRU employees, CUS William Miller and CPM Deborah Hunter, as defendants in this
4  action.

5  In order to sustain a civil rights action, a plaintiff must show (1) that he suffered a violation of
6  rights protected by the Constitution or created by federal statute, and (2) that the violation was
7  proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*,
8  947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing
9  how individually named defendants caused or personally participated in causing the harm alleged in the
10 complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

11 The facts alleged by plaintiff in his complaint relate almost exclusively to the conduct of
12 defendant McIntyre. None of the facts alleged suggest that either defendant Hunter or defendant
13 Miller personally participated in causing plaintiff any harm of constitutional dimensions. Because
14 plaintiff failed to amend his complaint to adequately allege a cause of action against defendants Hunter
15 and Miller, plaintiff's complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) as to these
16 two defendants.

17 (2)   Service by Clerk
18 The Clerk is directed to send the following to defendant Kellie McIntyre by first class mail: a
19 copy of plaintiff's complaint, a copy of this Order, two copies of the Notice of Lawsuit and Request
20 for Waiver of Service of Summons, a Waiver of Service of Summons, and a return envelope, postage
21 prepaid, addressed to the Clerk's Office.

22 (3)   Response Required
23 Defendant shall have **thirty (30) days** within which to return the enclosed waiver of service of
24 summons. A defendant who timely returns a signed waiver shall have **sixty (60) days** after the date

25 ORDER DISMISSING SOME
   DEFENDANTS AND DIRECTING
26 SERVICE - 2

1  designated on the notice of lawsuit to file and serve an answer to the amended complaint or a motion
2  permitted under Rule 12 of the Federal Rules of Civil Procedure.
3     A defendant who fails to timely return a signed waiver will be personally served with a
4  summons and complaint, and may be required to pay the full costs of such service, pursuant to Rule
5  4(d)(2). A defendant who has been personally served shall file an answer or motion permitted under
6  Rule 12 within **thirty (30) days** after service.
7     (4)   Filing and Service by Parties, Generally
8     All attorneys admitted to practice before this Court are required to file documents
9  electronically via the Court's CM/ECF system. Counsel are directed to the Court's website,
10 www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF. All
11 non-attorneys, such as *pro se* parties and/or prisoners, may continue to file a paper original with the
12 Clerk. All filings, whether filed electronically or in traditional paper format, must indicate in the upper
13 right hand corner the name of the Magistrate Judge to whom the document is directed.
14    For any party filing electronically, when the total of all pages of a filing exceeds fifty (50)
15 pages in length, a paper copy of the document (with tabs or other organizing aids as necessary) shall
16 be delivered to the Clerk's Office for chambers. The chambers copy must be clearly marked with the
17 works "Courtesy Copy of Electronic Filing for Chambers."
18    Finally, any document filed with the Court must be accompanied by proof that it has been
19 served upon all parties that have entered a notice of appearance in the underlying matter.
20    (5)   Motions
21    Regarding the filing of motions before the Court, the parties are directed to review Local Rule
22 CR 7 in its entirety. A few important points are highlighted below:
23    Any request for court action shall be set forth in a motion, properly filed and served. Pursuant
24 to amended Local Rule CR 7(b), any argument being offered in support of a motion shall be submitted

25 ORDER DISMISSING SOME
   DEFENDANTS AND DIRECTING
26 SERVICE - 3

as a part of the motion itself and not in a separate document.  **The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the court's motion calendar.**

In all instances where one of the parties to a lawsuit is incarcerated, **all** categories of non-dispositive motions not listed in Local Rule CR 7(d)(1) must be noted for the third Friday after the date of filing and service.  This applies to all non-dispositive motions, even those which are normally (if none of the parties are incarcerated) permitted to be noted 7 judicial days after filing.  *See* Local Rule CR 7(d)(2).  All dispositive motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion.

      (6)    <u>Direct Communications with District Judge or Magistrate Judge</u>

No direct communication is to take place with the District Judge or Magistrate Judge with regard to this case.  All relevant information and papers are to be directed to the Clerk.

      (7)    The Clerk is directed to send copies of this Order to plaintiff, to the Washington Attorney General's Office, and to the Hon. Monica J. Benton.

DATED this 2nd day of February, 2007.

                          /s/ Robert S. Lasnik
                          Robert S. Lasnik
                          United States District Judge

Recommended for entry this
31st day of January, 2007.


   /s/Monica J. Benton
MONICA J. BENTON
United States Magistrate Judge


ORDER DISMISSING SOME
DEFENDANTS AND DIRECTING
SERVICE - 4