```
1
2
3
4
5
6                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
7                                    AT SEATTLE
8
9   GARRY FRANK ROBINSON,              )
                                       )
10         Plaintiff,                  )    Case No. C06-1460-RSL-MJB
                                       )
11         v.                          )
                                       )
12  KELLIE McINTYRE,                   )    REPORT AND RECOMMENDATION
                                       )
13         Defendant.                  )
    _____)
14
```

## INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Garry Robinson has filed a civil rights action under 42 U.S.C. § 1983 seeking monetary and injunctive relief for alleged violations of his constitutional rights. Plaintiff asserts in his complaint that his constitutional rights were violated when defendant Kellie McIntyre, a counselor at Monroe Correctional Complex-Twin Rivers Unit ("MCC-TRU"), improperly placed an "imminent risk" designation on plaintiff's electronic file and deleted his work release approval from the file. This matter is now before the Court on defendant McIntyre's motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has not filed any response to defendant's motion to dismiss. For the reasons set forth below, this Court recommends that defendant's motion to dismiss be granted and that this action be dismissed without prejudice.

REPORT AND RECOMMENDATION
PAGE - 1

## DISCUSSION

An action may be dismissed for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). On a motion to dismiss, material allegations of the complaint are taken as admitted and the complaint is to be liberally construed in favor of the plaintiff. *Keniston*, 717 F.2d at 1300. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992)(quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

In order to sustain a cause of action under 42 U.S.C. §1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff alleges in his complaint that on July 20, 2005, he had a facility plan prepared by a MCC-TRU counselor which targeted plaintiff for MI1[1] custody and work release placement on July 8, 2006. (Dkt. No. 6 at 3.) Defendant McIntyre was on leave when this plan was prepared and when she returned she allegedly told plaintiff that she did not believe he had any right to go to work release and that she would find a way to prevent it. (*Id.*) Concerned about this conversation, plaintiff wrote

---

[1] While the Court assumes that MI1 custody denotes some form of minimum custody, nothing in the record speaks to this point.

a letter to Deputy Secretary of Corrections Eldon Vail to verify his facility plan and his right to go to work release. (Dkt. No. 6 at 3.) According to plaintiff, Mr. Vail reviewed plaintiff's electronic file and then confirmed that he was targeted for placement in work release on July 8, 2006. (*Id*.)

On July 13, 2006, plaintiff sent a kite to defendant McIntyre inquiring into whether he had been reclassified to MI1 custody and when he would be going to work release. (*Id*.) Plaintiff asserts that defendant McIntyre confirmed at that time that plaintiff was MI1 and advised him that he would need to wait for bed space at work release. (*Id*.) Plaintiff inquired again on August 11, 2006, about the timing of his work release placement and was once again advised by defendant McIntyre that he was approved to go, but she had no bed date. (*Id*.) On August 30, 2006, plaintiff was called into the office of Custody Unit Supervisor ("CUS") Miller and was advised that defendant McIntyre had removed plaintiff's name from the work release waiting list and had designated plaintiff as an "imminent risk/threat." (*Id*. at 4.) Plaintiff contends that there was no basis for defendant McIntyre to place the imminent risk designation on his electronic file or to delete his work release approval. (*Id*.)

Defendant McIntyre argues in her motion to dismiss that plaintiff has not stated a claim upon which relief can be granted because he had no constitutional right to a particular classification or placement. Defendant relies upon the United States Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472 (1995). In *Sandin*, the Supreme Court held that an inmate's constitutional rights are implicated only when he faces a restraint that imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484. Defendants appear to suggest that *Sandin* stands for the proposition that classification or placement decisions can never constitute an atypical or significant hardship and therefore can never implicate constitutional concerns. However, *Sandin* cannot be read so broadly.

REPORT AND RECOMMENDATION
PAGE - 3

It is conceivable that certain classification or placement decisions could affect an inmate's privileges so dramatically that they would, in fact, pose an "atypical and significant hardship" thereby entitling the inmate to due process protections. *See Hydrick v. Hunter*, 466 F.3d 676, 697 (9th Cir. 2006). Plaintiff, however, has not offered any opposition to defendant's motion to dismiss. Thus, while it is conceivable that the classification decision at issue here might have entitled plaintiff to due process protections, plaintiff makes no attempt to argue this point. Accordingly, defendant's motion to dismiss should be granted.[2]

## CONCLUSION

For the foregoing reasons, this Court recommends that defendant McIntyre's motion to dismiss be granted and that plaintiff's complaint, and this action, be dismissed without prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 21st day of June, 2007.

MONICA J. BENTON
United States Magistrate Judge

---

[2] The Court notes that plaintiff is no longer in the custody of the Department of Corrections. Thus, any request for injunctive relief is now moot.